**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:                                                    **Case No. 8:04-md-2523-T-30TBM**
                                                          **Case No. 8:4–cv–2641-T-30TBM**

**ACCUTANE PRODUCTS**
**LIABILITY LITIGATION,**

_____/

**O R D E R**

THIS MATTER is before the court on **Defendants Hoffmann-La Roche Inc.'s and**

**Roche Laboratories Inc.'s Motion to Compel Discovery Regarding Judicial Estoppel as**

**to Plaintiff Lacy Fechner** (Doc. 38) and Plaintiff Lacy Fechner's response in opposition

(Doc. 42).  A telephonic discovery hearing on this and other matters was conducted on

September 22, 2006.

By their motion, Defendants seek an Order, pursuant to Fed. R. Civ. P. 37, compelling

(1) Plaintiff Lacy Fechner and her spouse to be re-deposed and to fully answer questions

regarding their communications with their bankruptcy attorney and the bankruptcy trustee

relevant to the inadvertence defense Plaintiff has raised, (2) production of all documents in the

possession or control of Plaintiff or her spouse relating to the communications between them

and their bankruptcy attorney relevant to Plaintiff's claim that she inadvertently failed to

disclose this lawsuit in the bankruptcy case, and (3) Plaintiff and her spouse to inform their

bankruptcy attorney, Joervin Henderson, that they have waived the attorney-client privilege

with respect to documents or testimony from Mr. Henderson and his staff regarding matters

relevant to Plaintiff's claim of inadvertence.  Defendants seek this relief in support of their

pending motion for summary judgment, in the which they have urged the court to find that

Plaintiff is judicially estopped from recovering damages in this lawsuit because she failed to

disclose the suit as an asset in the Chapter 7, no-asset bankruptcy she and her spouse filed

seventeen days after filing this suit.  Defendants contend that Plaintiff's claim of inadvertence

is insufficient as a matter of Eleventh Circuit law, but in light of the court's prior Order in

Stephens, et al. v. Hoffmann-La Roche, Inc., et al., Case No. 8:04-cv-2643-T-30TBM, in

which the court reserved ruling on their motion for summary judgment in circumstances

similar to these, i.e., the plaintiff Messick asserted inadvertence in the face of a motion for

summary judgment based on judicial estoppel, the discovery sought here is warranted.  In

support of their assertion that the attorney-client privilege between the Fechners and their

bankruptcy attorney has been waived, Defendants cite to Cox v. Admin. U.S. Steel &

Carnegie, 17 F.3d 1386, 1417 (11th Cir. 1994); Nguyen v. Excel Corp., 197 F.3d 200, 207-08

(5th Cir. 1999); and Conkling v. Turner, 883 F.2d 431, 434 (5th Cir. 1989).

　　　In response, Plaintiff asserts four reasons why the court should deny Defendants'

motion and not permit additional discovery on the issue of judicial estoppel.  First, Plaintiff

argues that the bankruptcy court is the more appropriate forum in which to litigate the issue of

judicial estoppel related to Plaintiff's bankruptcy filings because the Trustee desires to pursue

this case and has sought to be substituted as the real party in interest, the Bankruptcy Court

has broad powers to revoke a Chapter 7 discharge if the debtor knowingly and fraudulently

fails to report an asset of the bankruptcy estate, the powers to revoke the Chapter 7 discharge

arise from the Bankruptcy Code and are best asserted there, the Bankruptcy Court is in a better

position to offer a remedy it deems appropriate since the alleged inconsistent disclosures

occurred in that Court, and this case is one of the first cases in this MDL and the larger

interests of the litigation would be best served by litigating this matter on the merits.  Second,

Plaintiff argues that she and her husband have already been deposed by Defendants on the

matter of their bankruptcy.  Plaintiff also argues that, contrary to Defendants' assertion, her

declaration submitted in opposition to Defendants' motion for summary judgment is not

inconsistent with her deposition testimony.  Third, Plaintiff argues that neither she nor her

husband waived the attorney-client privilege.  Plaintiff argues further that Defendants

incorrectly rely on federal law because Texas law likely governs this issue.  Lastly, Plaintiff

contends that Defendants' instant request for additional discovery is moot since the real party

in interest is the Bankruptcy Trustee.

Upon consideration, **Defendants Hoffmann-La Roche Inc.'s and Roche**

**Laboratories Inc.'s Motion to Compel Discovery Regarding Judicial Estoppel as to**

**Plaintiff Lacy Fechner** (Doc. 38) is GRANTED in part.  Defendants may re-depose Plaintiff

Lacy Fechner and bankruptcy attorney Joervin Henderson.[1]  The depositions shall not exceed

one hour each and the area of inquiry shall be limited to Plaintiff's claim of inadvertence.

Additionally, Ms. Fechner shall produce at deposition any documents in her possession and/or

control relating to communications she had with Mr. Henderson relevant to her claim that her

---

[1]Regarding Mr. Henderson, the court finds that Ms. Fechner waived the attorney-client privilege with regards to her claim of inadvertence in light of her declaration testimony submitted in support of her opposition to Defendants' motion for summary judgment. See (Doc. 23, Ex. D).  The court further finds that it is not necessary to resolve whether federal or state law controls this issue.

3

failure to disclose this lawsuit was inadvertent.  Mr. Henderson shall also produce at

deposition documents in his possession reflecting on Plaintiff's claim of inadvertence.  In all

other aspects, the motion (Doc. 38) is DENIED.

      **Done and Ordered** in Tampa, Florida, this 25th day of September 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record